## EX PARTE AGNES WILLIAMS AND E. A. MATHEWS.

No. 10126.   Delivered March 3, 1926.

**1.—Mandamus—Petition For—Jurisdiction of Court of Criminal Appeals.**

While this court has the power conferred by the Constitution, Art. 5, Sec. 5, and by statute, to issue writs necessary to enforce its jurisdiction, we cannot assume the power to issue a writ of mandamus in an original proceeding before us to compel a district court to hear a petition for habeas corpus, filed and pending in such court.

**2.—Same—Continued.**

Where an application for a writ of habeas corpus has been filed in a district court, in the absence of a final judgment on said petition from which an appeal would lie, the proceeding in question seems to be under the exclusive control of the district court in which the application for a writ of habeas corpus is pending.  The precedents, which are analogous, are Ex Parte Firmin, 60 Tex. Crim. Rep. 222, Ex Parte Quesada v. State, 34 Tex. Crim. Rep. 116, and Eaves v. State, 96 Tex. Crim. Rep. 855.

Original application for a writ of mandamus to compel the Criminal District Court of Dallas County to hear and determine an application for habeas corpus pending in said court.

*G. W. Lindsey* of Dallas, for petitioner.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

### ON PETITION FOR MANDAMUS.

MORROW, PRESIDING JUDGE.—It appears that the relators, by complaint in the Justice Court, were charged as accessories to the crime of murder; that they made application to the Honorable Felix D. Robertson, Judge of the Criminal District Court No. 1, of Dallas County, for a writ of habeas corpus, which was granted and made returnable on the 20th of February. It seems that upon the date of the return, the hearing upon the application was postponed. The relief sought is that this court issue a writ of mandamus commanding the District Judge of the Criminal District Court No. 1 of Dallas County to hear and try the issues presented by the application for a writ of habeas corpus and return.

Power is conferred upon this court by the Constitution, Art. 5, Sec. 5, and by statute, to issue writs necessary to enforce its jurisdiction. See Vernon's Tex. Crim. Stat., Vol. 2, p. 269. The present application, we think, does not come within the scope of the power mentioned. In the absence of a final judgment from which an appeal would lie, the proceeding in question seems to be under the exclusive control of the district court in which the application for a writ of habeas corpus is pending. The precedents which are analogous are Ex Parte Firmin, 60 Tex. Crim. Rep. 222; Ex Parte Quesada, 34 Tex. Crim. Rep. 116; Eaves v. State, 96 Tex. Crim. Rec. 855.

The petition is denied.

*Denied.*